**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

v.                                                      Case Nos.:   3:06cr460/MCR
                                                                     3:09cv455/MCR/EMT

BETTY SYLVESTER
_____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated November 23, 2011.  (Doc. 152).   The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The court has made a <u>de novo</u> determination of the timely filed objections (doc. 155).

Having considered the Report and Recommendation, the objections, and the record, the court determines that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1.      The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order with the following additional comments.  The court has accepted the factual assertions stated in the petitioner's affidavit, but not the bare conclusions as to prejudice.  Even assuming that counsel's performance was deficient, a finding not made, the record as a whole establishes that the petitioner did not suffer prejudice, for reasons explained in the Report and Recommendation.  Notably, petitioner did not state in her affidavit that she would have taken advantage of an opportunity to cooperate with the government in an attempt to reduce her sentence if she had been given that chance.  Instead, she contends only that she did not understand she would be held accountable for a larger quantity of cocaine than she had possessed, which does not establish prejudice in this instance.  Furthermore, the record as a whole illustrates an expressed unwillingness to cooperate with the government or admit guilt, and she would

not have been eligible for a reduction for the acceptance of responsibility in light of the court's finding that she engaged in the obstruction of justice through her testimony at the suppression hearing and the absence of any extraordinary circumstances that would have justified applying both an adjustment for acceptance and an adjustment for obstruction pursuant to USSG § 3E1.1 comment. (n.4).

2.      The motion to vacate, set aside, or correct sentence (doc. 140) is **DENIED.**

**DONE AND ORDERED** this 17th day of January, 2012.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**